O

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN CARTER, as an individual | Case No. CV 13-09176 MWF (Ex) |
| Plaintiff, | **ORDER DENYING EX PARTE APPLICATION TO DISQUALIFY JUDGE MICHAEL FITZGERALD** |
| v. | [DKT No. 5] |
| TRACY SHEEN, as an individual; TRACY SHEEN, as purported trustee of the Declaration Establishing the Eugenia M. Ringgold Living Trust Dated February 28, 1997; NATHALEE EVANS, as claimant to status of trustee of Declaration Establishing the Eugenia M. Ringgold Living Trust Dated February 28, 1997 and to status as executor of the estate of Eugenia M. Ringgold, | |
| Defendants. | |

This matter comes before the court on Defendant Nathalee Evans' Ex Parte Application to Disqualify Judge Michael Fitzgerald. Having considered Defendant's submissions, the court DENIES the motion and adopts the following order.

**I.   Background**

On December 12, 2013, Defendant Nathalee Evans filed a Notice of Removal of the instant case to this court. (DKT No. 1.)

On December 23, 2013, the case was transferred from Judge Fernando M. Olguin and Magistrate Judge Stephen J. Hillman to Judge Michael W. Fitzgerald and Magistrate Judge Charles F. Eick for all further proceedings. (DKT No. 3.) The transfer was made pursuant to General Order 08-05. (Id.) Judge Fitzgerald consented to the transfer on the basis that the instant case is related to another case over which he previously presided, In re the Estate of Eugenia M. Ringgold, Case No. 12-08433/12-10303.

On December 30, 2013, Judge Fitzgerald issued an order remanding the instant action to Los Angeles Superior Court. (DKT No. 4.) Judge Fitzgerald remanded the case *sua sponte* based upon his finding that the court lacks subject matter jurisdiction over the case. Specifically, Judge Fitzgerald reached this conclusion based upon his findings that (1) removal is improper under 28 U.S.C. § 1441(b) because complete diversity is lacking as the removal states that Defendant Tracy Sheen is a citizen of California, (2) removal is improper under 28 U.S.C. § 1334 because neither the complaint nor cross-complaint arise in or are related to a bankruptcy proceeding, and (3) removal is improper under 28 U.S.C. 1443(1)-(2) because no showing has been made that any of the purported civil rights claims listed in the removal papers are untenable in California state court. (Id. at 2-3.)

On January 1, 2013, Evans filed this ex parte application seeking the disqualification of Judge Fitzgerald and the striking

of the December 23, 2013 transfer of the case to Judge Fitzgerald. (DKT No. 5.)

**II.  Discussion**

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a),(b)(1). "The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1) . . . ."  United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  "Consequently, a motion properly brought pursuant to section 144 will raise a question concerning recusal under section 455(b)(1) as well as section 144."  Id.  The Ninth Circuit has articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice.  In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

<u>F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.</u>, 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

In the present case, Evans has not established that Judge Fitzgerald's impartiality could reasonably be called into question. First, Evans asserts that impartiality is demonstrated because Judge Fitzgerald "engaged in conduct to take control of a case when the actual assigned judge had not relinquished authority and jurisdiction." (App. at 4.) The statement appears to refer to the December 23, 2013 transfer of the case to Judge Fitzgerald. However, contrary to Evans' contention, the court finds that the case was properly transferred to Judge Fitzgerald under the standard procedures of the Clerk of the Court pursuant to General Order 08-05, section 5.2. There is no indication that Judge Fitzgerald proactively sought to take control of the case. Rather, as noted, Judge Fitzgerald consented to a transfer of the case to his docket, as recommended by the Clerk of the Court, because it was related to another case over which he presided, <u>In re the Estate of Eugenia M. Ringgold</u>, Case No. 12-08433/12-10303.

Second, Evans appears to argue that the December 30, 2013 order remanding the case to state court demonstrated personal bias because Judge Fitzgerald issued the order without Evans or her counsel having the opportunity to appear or brief the matter. (App. at 4.) However, the court finds that Judge Fitzgerald's order remanding the case *sua sponte* was proper and consistent with Ninth Circuit authority providing that a district court has the power to remand a case *sua sponte* when it lacks subject matter jurisdiction. <u>See</u> <u>United Investors Life Ins. V. Waddell & Reed Inc</u>., 360 F.3d

4

960, 966-67 (9th Cir. 1994) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments. . . . [T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.") The lack of a necessity for briefing or hearing appears to have been particularly apparent in this case, given the high burden imposed on removing parties to demonstrate that jurisdiction may be properly exercised and the fact that Judge Fitzgerald found removal facially improper from the removal documents. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (explaining that removal statutes are strictly construed against removal jurisdiction, that the removing defendant bears the burden of establishing that removal is proper, and that federal jurisdiction must be rejected if any doubt exists as to the propriety of removal); DKT No. 4 at 2-3.

    Third, Evans appears to contend that there cannot be a fair hearing before Judge Fitzgerald because in his January 11, 2013 order in In re the Estate of Eugenia M. Ringgold, denying Evans' ex parte application seeking to consolidate cases, Judge Fitzgerald concluded his order with the following admonition, which referred to a case that was not before him:

> Counsel seems intent on repeating the behavior that led to her being deemed a vexatious litigant. See Ringgold-Lockhart v. County of Los Angeles, CV 11-1725-R, Docket No. 136. The Court will closely scrutinize any additional filings and will not hesitate to impose sanctions. Fed. R. Civ. P. 11(c)(3). The Court would also consider whether counsel's conduct warrants a

1       referral to the Standing Committee on Discipline. <u>See</u> Local
2       Rule 83-3.1.
3 (<u>See</u> App. Ex. 6 at 2, Order Denying Ex Parte Application, <u>In re the</u>
4 <u>Estate of Eugenia M. Ringgold</u>, Case No. 12-08433/12-10303, DKT No.
5 19; App. at 2). Evans appears to argue that the reference to
6 <u>Ringgold-Lockhart v. County of Los Angeles</u> constitutes improper
7 reliance on extrajudicial sources of information. (App. at 5.)
8 However, Evans cites no authority in support of her contention that
9 reference to the case, which was a matter of public record and was
10 not the basis for any finding, was improper.  Nor, to the extent
11 that Evans makes such a contention, is the admonition a basis for a
12 finding of personal bias or prejudice.
13     Finally, the court finds no merit to the theory advanced by
14 Evans that Judge Fitzgerald's consent to hear a related case
15 amounts to grounds for disqualification under 28 U.S.C. § 47, as
16 the instant case is not an appeal from another decision issued by
17 Judge Fitzgerald. (App. at 6.) Nor does the court find merit in the
18 contention that Judge Fitzgerald's consent to hear the case
19 violates the Fourteenth Amendment, as the court finds nothing
20 improper about the transfer. (App. at 6-7.)

26 ///
27 ///
28 ///

**III. Conclusion**

 For the reasons set forth herein, Evans' ex parte application to disqualify Judge Fitzgerald is DENIED and the court leaves undisturbed the December 23, 2013 transfer of the case to Judge Fitzgerald.

IT IS SO ORDERED.

Dated: January 9, 2014

DEAN D. PREGERSON
United States District Judge